UNITED STATES of America,
Plaintiff-Appellee,

v.

Raymond Dennis DE WITT,
Defendant-Appellant.

No. 77–5474
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 23, 1978.

Charles L. Barrera, Alice, Tex. (court-appointed), for defendant-appellant.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

Before THORNBERRY, GODBOLD, and RUBIN, Circuit Judges.

PER CURIAM.

Raymond De Witt was convicted of possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), after border patrol agents stopped and searched his car and discovered marijuana. He contests the legality of the stop and search.

A roving border patrol agent may, without probable cause, stop a vehicle and briefly question the occupants if the officer reasonably suspects that the vehicle contains illegal aliens, U. S. v. Brignoni-Ponce, 1975, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

In this case a border patrol agent testified as follows: Approximately two miles south of the Falfurrias checkpoint, there is a roadside park that is used by smugglers of illegal aliens as a place to meet confederates in order to determine whether the checkpoint is operating. On a night when the checkpoint was not operating, at about 10:00 p. m., he observed a car drive from the north into the park, which was well lighted. The driver parked the car, went into the restroom, came out and stood around in front of his car for five to eight minutes. A second car, driven by the defendant, arrived at the park from the south, and parked close to the first car. The driver of the second car got out of his vehicle, and the two drivers then spoke to each other. The circumstances indicated to the agent that the meeting was prearranged. Both drivers then entered the restroom for a few minutes. The driver who had arrived from the north then proceeded south at a high rate of speed and the defendant, De Witt, continued north. The agent became suspicious that the automobile driven by De Witt might be transporting aliens, and he followed it. De Witt drove past Falfurrias, indicating to the agent that Falfurrias was not his destination. The agent believed that the roadside park might be a place at which local people might arrange a legitimate rendezvous, but he thought it unusual for someone to drive through Falfurrias to meet someone else at a roadside park nine miles south of the town. It was unusual for a person who did not reside in Falfurrias to arrange a meeting at that time and place. These actions were such as reasonably to arouse the suspicion of the agent, and the stop was justified.

The agent testified that, when he approached De Witt's car, he smelled marijuana. This gave the agent probable cause to search the car, so the search was legal, *U. S. v. Villarreal*, 5 Cir. 1978, 565 F.2d 932; *U. S. v. Garza*, 5 Cir. 1976, 544 F.2d 222. AFFIRMED.